# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE OLMEDO,<br><br>        Petitioner,<br><br>    v.<br><br>J.D. HARTLEY,<br><br>        Respondent.<br>_____/ | 1:10-cv-00406-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 12] |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   In the instant petition, Petitioner challenges the Board of Parole Hearings' (Board) 2008 denial of parole. On May 14, 2010, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. Petitioner filed an opposition on June 9, 2010.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

1  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
2  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
3  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
4  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
5  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.
6  Supp. at 1194 & n. 12.
7       In this case, Respondent has filed a motion to dismiss for failure to state a cognizable
8  claim under 28 U.S.C. 2254.  Therefore, the Court will review Respondent's motion to dismiss
9  pursuant to its authority under Rule 4.
10 B.     Failure to State Cognizable Claim
11      Respondent argues that Petitioner's challenge to the Board's 2008 hearing is based solely
12 on state law which is not cognizable under § 2254.  Respondent specifically argues that
13 Respondent's motion to dismiss is not well-received.  Petitioner opposes Respondent's argument
14 that his claims arise solely under state law.
15      First, Petitioner's petition does not rely solely on state law in challenging the Board's
16 2008 decision.[1]  To the contrary, Petitioner sets forth the following six grounds for relief: (1) the
17 Board failed to apply California's standard of review set forth in In re Lawrence, 41 Cal.4th 1181
18 (2008); (2) the Board violated his liberty interest in parole; (3) the Board failed to articulate a
19 "nexus" that shows Petitioner is currently dangerous; (4) the Board arbitrarily and capriciously
20 denied parole by relying on the immutable and unchangeable commitment offense and post-
21 conviction factors; (5) the Board's interpretation of the 2008 psychological evaluation was
22 erroneous and did not constitute "some evidence" to deny parole; (6) the Board abrogated due
23 process and Petitioner's liberty interest by requiring him to admit guilt of his commitment
24 offense.

---

[1] It should be noted that the pleadings of pro se litigants are held to a less stringent standard than pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (instructing the federal courts to construe the inartful pleading of pro se actions liberally); Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015 (1941) (pro se petition for habeas corpus "ought not to be scrutinized with technical nicety.")

1  Petitioner's clearly pointed to the federal basis of review under section 2254.

2      Second, and more importantly, in <u>Hayward v. Marshall</u>, issued prior to the filing of the
3  instant motion to dismiss, the Ninth Circuit specifically found that although there is no
4  independent right to parole under the United States Constitution, the right exists and is created by
5  California's statutory parole scheme and is subject to review under 28 U.S.C. § 2254. <u>Hayward</u>
6  <u>v. Marshall</u>, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing <u>Bd. of Pardons v. Allen</u>,
7  482 U.S. 369, 371 (1987). On May 24, 2010, the Ninth Circuit further clarified its decision in
8  <u>Hayward</u>, stating the following:

> Through its state statutory and constitutional law, California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness. <u>Hayward</u>, slip op. at 6327-30 (discussing, *inter alia*, <u>In re Lawrence</u>, 190 F.3d 535 (Cal.2008); <u>In re Shaputis</u>, 190 F.3d 573 (Cal.2008); and <u>In re Rosenkrantz</u>, 59 F.3d 174 (Cal.2002). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent 'some evidence' of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the 'some evidence' requirement in any particular case. It is therefore our obligation, as we held in <u>Hayward</u>, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness. Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'' <u>Hayward</u>, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

18  <u>Pearson v. Muntz</u>, No. 08-55728, 2010 WL 2108964 *4 (9th Cir. May 24, 2010) (per curiam)
19  (footnote omitted); <u>see</u> <u>also</u> <u>Cooke v. Solis</u>, No. 06-15444, 2010 WL 2330283 * 6 (9th Cir. June
20  4, 2010) (acknowledging that in <u>Hayward v. Marshall</u>, it was "held that due process challenges to
21  California courts' application of the 'some evidence' requirement are cognizable on federal
22  habeas review under AEDPA.")

23      Thus, a plain reading of <u>Hayward</u>, and its progeny, directly contradicts Respondent's
24  argument set forth in the motion to dismiss, and the Court finds the motion to be border line
25  frivolous and subject to future sanctions under Rule 11.[2]  Therefore, based on the clear and

---

[2] Rule 11 subsection (b) of the Federal Rules of Civil Procedure specifically states:

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented

3

1  current Ninth Circuit authority that completely negates Respondent's argument, the instant
2  motion to dismiss the instant petition for failure to state a cognizable claim should be denied.

RECOMMENDATION

4      Based on the foregoing, it is HEREBY RECOMMENDED that:

5      1.    Respondent's motion to dismiss the instant petition be DENIED; and

6      2.    Respondent be directed to file an answer addressing the merits of the instant
7          petition within forty-five days from the date of the final order resolving the instant
8          Findings and Recommendation.

9      This Findings and Recommendation is submitted to the assigned United States District
10 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
11 Local Rules of Practice for the United States District Court, Eastern District of California.
12 Within thirty (30) days after being served with a copy, any party may file written objections with
13 the court and serve a copy on all parties. Such a document should be captioned "Objections to
14 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
15 and filed within fourteen (14) days after service of the objections. The Court will then review the
16 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that
17 failure to file objections within the specified time may waive the right to appeal the District
18 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19     IT IS SO ORDERED.

20     Dated:   June 22, 2010          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

---

party certifies that to the best of the person's party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . . . . . . .. . . . . . .. . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.